IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | Case No. 6:17-cv-00673-JR |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| ELIZABETH SONIA GARCIA; JOSE DE JESUS ANGULO GUZMAN; and EL AGAVE GRILL RESTAURANT, LLC, and Oregon limited liability company, | |
| Defendants. | |
| ELIZABETH SONIA GARCIA; JOSE DE JESUS ANGULO GUZMAN; and EL AGAVE GRILL RESTAURANT, LLC, and Oregon limited liability company, | |
| Third-Party Plaintiffs, | |
| v. | |
| DISH NETWORK LLC, | |
| Third-Party Defendant. | |

RUSSO, Magistrate Judge:

Third-party defendant Dish Network LLC ("Dish") moves to dismiss the claims of defendants/third-party plaintiffs El Agave Grill Restaurant, LLC ("Agave"), Elizabeth Sonia Garcia, and Jose De Jesus Angulo Guzman (collectively "defendants") pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Dish's motion should be granted.

Page 1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

At some unspecified time, plaintiff J&J Sports Productions, Inc. ("J&J") purchased the exclusive nationwide television rights to "'The Fight of the Century' Floyd Maywether Jr. v. Manny Pacquiao Championship Fight" ("Fight"). Compl. ¶¶ 3, 22 (doc. 1). J&J subsequently entered into sublicensing agreements regarding distribution of the Fight with various entities, including Dish, a satellite television service provider. Id. at ¶ 23; Third-Party Compl. ("TAC") ¶¶ 2, 6, 16 (doc. 24).

Defendants purchased contractual satellite televisions services from Dish for Agave, a restaurant located in Woodburn, Oregon. TAC ¶¶ 5-6 (doc. 24). "During the phone calls made to set up this account [Agave] was identified as a restaurant." Id. at ¶ 6. It was likewise clear from the business address and physical location that Agave was a restaurant. Id.

On May 2, 2015, defendants ordered from Dish and displayed at Agave the Fight. Id. at ¶¶ 9, 16; Compl. (doc. 1).

On April 28, 2017, J&J filed a Complaint in this Court against defendants, alleging federal claims pursuant to 47 U.S.C. § 553 and 47 U.S.C. § 605, as well as trespass to chattel under Oregon law. On August 17, 2017, defendants filed a third-party complaint against Dish, asserting the following Oregon common law claims: (1) negligent misrepresentation; (2) negligence; (3) indemnity; and (4) tort of another.[1] TAC ¶¶ 12-31, 35-42 (doc. 24). In addition, defendants allege a federal claim pursuant to the Declaratory Judgement Act, 28 U.S.C. § 2201 et seq. Id. at ¶¶ 32-34. Defendants' third-party claims are premised on the theory that Dish was

---

[1] The parties brief Doherty v. Wireless Broadcasting Sys. of Sacramento, Inc., 151 F.3d 1129 (9th Cir. 1998), which forecloses federal indemnity claims pursuant to 47 U.S.C. § 553 and 47 U.S.C. § 605. See, e.g., Dish's Mot. Dismiss 7-9 (doc. 29); Defs.' Resp. to Mot. Dismiss 4-5 (doc. 31). The Court, however, does not read the TAC or defendants' response as asserting a federal right to indemnification, such that the Court need not further address Doherty.

negligent in setting up Agave's satellite television account and is therefore at fault for any alleged violation of J&J's rights. See generally id. On October 16, 2017, Dish moved to dismiss defendants' third-party claims.

## STANDARD OF REVIEW

Where the plaintiff "fails to state a claim upon which relief can be granted," the action must be dismissed. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## DISCUSSION

Dish contends that dismissal is warranted because defendants fail to state a cognizable claim for relief under Oregon or federal law.

**I.     Preliminary Issues**

Two preliminary matters must be resolved before reaching the substantive merits of Dish's motion. First, to the extent defendants seek leave to amend via their opposition, defendants' request is denied. See LR 7-1(b) ("[m]otions may not be combined with any response, reply, or other pleading").

Page 3 – FINDINGS AND RECOMMENDATION

Second, in support of its motion, Dish attaches its underlying satellite television agreement with defendants. Kitei Decl. Ex. A (doc. 30). These documents specify, in relevant part, that satellite television services were being provided to Guzman "solely for . . . private, non-commercial viewing." Id. at 1, 3, 6, 10. As such, pursuant to his contracts with Dish, Guzman explicitly "agree[d] that no Services provided to you may be used for public or commercial viewing." Id.

Defendants proffer a single sentence regarding these documents in their opposition: "it is entirely improper for the moving party to provide an affidavit and contract for this Court to consider because it is not part of the pleadings." Defs.' Resp. to Mot. Dismiss 3 (doc. 31).

Defendants are correct that review of a Fed. R. Civ. P. 12(b)(6) motion is generally limited to the complaint. United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003). The court may nonetheless "[evaluate] documents incorporated by reference in the complaint" or "judicially notice a fact that is not subject to reasonable dispute." Id. at 908 (citations omitted). In other words, consideration of extrinsic documents that are undisputed and integral to the plaintiff's claims is appropriate pursuant to a Fed. R. Civ. P. 12(b)(6) motion. Id. (citations omitted).

Defendants do not dispute the accuracy of these documents or the fact that Guzman entered into the underlying agreement with Dish. See generally Defs.' Resp. to Mot. Dismiss (doc. 31). Further, defendants' claims pertain exclusively to Dish's provision of contractual satellite television services. See generally TAC (doc. 24). Finally, a party cannot, as a matter of law, insulate itself against dismissal by omitting reference to relevant facts or documents, especially where, as here, he or she is represented by counsel. Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998), superceded by statute on other grounds as recognized in Abrego v. The

Page 4 – FINDINGS AND RECOMMENDATION

Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006) (citations omitted); see also Ritchie, 342 F.3d at 908 (even if not attached to the complaint, the moving party "may offer such a document, and the district court may treat such a document as part of the complaint [when, for instance,] a plaintiff's claim about insurance coverage is based on the contents of a coverage plan or when a plaintiff's claim about stock fraud is based on the contents of SEC filings") (citations omitted). Given these circumstances, the Court finds that consideration of the parties' underlying agreement is proper in assessing the merits of Dish's motion.

**II. Negligent Misrepresentation and Negligence Claims**

Defendants allege Dish "negligently made false representations about the television account for [Agave] being set up as a commercial account for public viewing, when it was set up and maintained as the wrong type of account." TAC ¶¶ 12-21 (doc. 24). Additionally, defendants assert Dish "was negligent in the installation, set-up, maintenance, and designation of the subject television account at [Agave,] causing [defendants] to suffer significant damages, including having to defend themselves in this instant lawsuit brought by [J&J]." Id. at ¶¶ 22-31.

Initially, defendants do not dispute that their negligent misrepresentation and negligence claims seek purely economic damages premised on the underlying claims asserted by J&J. Defs.' Resp. to Mot. Dismiss 8-9 (doc. 31); see also Marton v. Ater Const. Co., LLC, 256 Or.App. 554, 564-65, 302 P.3d 1198 (2013) ("expenses incurred in defending a claim because of another's negligence are purely economic losses") (citation omitted). To state a negligence-related claim for purely economic losses under Oregon law, the plaintiff must allege facts supporting the presence of a "special relationship," which imposes a heightened standard of care, between him or herself and the defendant. Or. Steel Mills, Inc. v. Coopers & Lybrand, LLP, 336 Or. 329, 341, 83 P.3d 322 (2004) (citations omitted).

Thus, "liability for purely economic harm must be predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent foreseeable harm." Id. (citation and internal quotations omitted). A "special relationship" exists where:

> (1) one party relinquishes control over matters, usually financial, and entrusts them to the other party; (2) the party with special control is authorized to exercise independent judgment; (3) in order to further the other party's interest; and (4) the relationship either is, or resembles, other relationships in which the law imposes a duty on parties to conduct themselves reasonably, so as to protect the other parties to the relationship.

Austin v. Univ. of Or., 205 F.Supp.3d 1214, 1229 (D. Or. 2016) (citations and internal quotations omitted). Examples of "special relationships" include attorney-client, patient-physician, principal-agent, and trustee-beneficiary. Conway v. Pac. Univ., 324 Or. 231, 240, 924 P.2d 818 (1996).

Defendants have not cited to, and the Court is not aware of, any authority in Oregon or the Ninth Circuit recognizing a special relationship akin to that of a satellite television company and its customers. See, e.g., Defs.' Resp. to Mot. Dismiss 8-9 (doc. 31); see also Joe Hand Promotions, Inc. v. Cloud 9 Vapes, LLC, 2017 WL 2842785, *3 (S.D. Ala. 2017) (rejecting the existence of a "special relationship" between a "cable provider and cable customer"). Rather, defendants maintain more broadly that, as "a supplier of TV services to a commercial establishment that shows TV programming to its customers," Dish is "directly involved in furthering the economic interest of [Agave]." Defs.' Resp. to Mot. Dismiss 9 (doc. 31). Nevertheless, defendants have not alleged, nor can they given the parties' underling contracts, that Dish possessed the ability to exercise independent judgment on defendants' behalf and for Agave's financial, business, or commercial benefit. TAC ¶¶ 12-31 (doc. 24); Kitei Decl. Ex. A (doc. 30); see also Austin, 205 F.Supp.3d at 1229 (dispositive inquiry is whether one party

possesses the "ability to exercise independent judgment on another party's behalf in order to advance that party's interests") (citation omitted). In fact, although Agave's address is listed, the business itself is not mentioned in Guzman's contracts with Dish as either an authorized user or beneficiary. Kitei Decl. Ex. A (doc. 30).

As currently alleged in the TAC, the relationship between a client who requests commercial television services and a satellite television provider who furnishes and installs such services can be characterized as little more than an arm's-length relationship intent on securing divergent rather than joint interests. As a result, defendants have not sufficiently pled liability based on a theory of negligence. See Onita Pac. Corp. v. Trustees of Bronson, 315 Or. 149, 161-63, 843 P.2d 890 (1992) ("in arm's-length negotiations, economic losses arising from a negligent misrepresentation are not actionable," especially where allowing such relief would "undermine fundamental principles of contract law"). Dish's motion should be granted as to defendants' negligence and negligent misrepresentation claims.

## III. Indemnity Claim

Defendants next allege they should be "award[ed] equitable comparative indemnity" and/or "implied contractual indemnity" because Dish was "negligent in the installation, set-up, maintenance, and designation of the subject television account at" Agave.[2] TAC ¶¶ 35-38 (doc. 24).

---

[2] To the extent the TAC's allegations concerning indemnity can be read to include a contribution claim, dismissal is proper. J&J alleges that defendants are liable for violations of federal and state law because Agave aired the Fight without acquiring the appropriate license to do so. See generally Compl. (doc. 1). Dish's liability, on the other hand, is based on its failure to enter into the requested commercial satellite agreement with defendants. See generally TAC (doc. 24). As a result, the same injury requirement, which is central to a claim for contribution, is not met in the case at bar. Ironwood Homes, Inc. v. Bowen, 719 F.Supp.2d 1277, 1292-93 (D. Or. 2010).

Oregon law formerly allowed a "passively" liable tortfeasor to shift "the full responsibility for joint liability to an injured third party" to the "actively" liable tortfeasor. Maurmann v. Del Morrow Constr., Inc., 182 Or.App. 171, 178, 48 P.3d 185 (2002); see also Arch Chemicals, Inc. v. Radiator Specialty Co., 727 F.Supp.2d 997, 998 (D. Or. 2010) (outlining the elements of an Oregon common law indemnity claim) (citations omitted).

However, the Oregon Supreme Court's decision in Eclectic Inv., LLC v. Patterson, 357 Or. 25, 346 P.3d 468 (2015) (as modified), eliminated common law indemnity as a cause of action in light of Oregon's statutory comparative negligence scheme. Specifically, the Eclectic court explained: "Oregon's comparative fault system eliminates the need for judicially created indemnity [because] a defendant is liable, if at all, for only the damages that resulted from its own negligence." Eclectic, 357 Or. at 35-38.

Defendants do not address or otherwise attempt to distinguish Eclectic despite Dish's reliance thereon. Compare Dish's Mot. Dismiss 5-6 (doc. 29), with Defs.' Resp. to Mot. Dismiss 5-7 (doc. 31); see also Justice v. Rockwell Collins, 117 F.Supp.3d 1119, 1134 (D. Or. 2015) ("if a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded") (citation and internal quotations and brackets omitted). Instead, defendants merely cite to one unpublished case from this District in arguing that this Court should allow their common law indemnification claim to proceed – i.e., J&J Sports Prods., Inc. v. Rivera, 2014 WL 2809844 (D. Or. June 18, 2014).[3] Defs.' Resp. to Mot. Dismiss 5-7 (doc. 31).

---

[3] In their introductory statement, defendants also cite to Joe Hand Promotions, Inc. v. Bick, 2014 WL 5320264 (C.D. Ill. Oct. 20, 2014), in support of the proposition that courts, in addition to Rivera, have allowed third-party complaints "to proceed even though the third-party defendants in a TV signal piracy case filed a 12(b)(6) motion." Defs.' Resp. to Mot. Dismiss 2 (doc. 31). This out-of-circuit, unpublished case is inapplicable; the third-party defendant's motion to

Page 8 – FINDINGS AND RECOMMENDATION

Defendants' indemnity claim fails. Notably, Rivera is not persuasive as it predates Eclectic and is factually distinguishable. Concerning the latter, the third-party plaintiffs in Rivera were permitted to proceed with a common law indemnity claim because the third-party defendant provided a contract written in English, despite having knowledge that the third-party plaintiffs were fluent only in Spanish. Rivera, 2014 WL 2809844 at *5. As a result, the Rivera court could "not conclude that [the third-party plaintiff] or his wife and agent read and understood the Contract." Id.

Conversely, defendants here have not alleged any language barrier which prevented them from reasonably believing, given the express language of Guzman's underlying contracts with Dish, that they were securing commercial satellite television services for Agave. Regardless, even presuming the facts of Rivera were analogous to the present case, the law concerning common law indemnity in Oregon changed in 2015 pursuant to Eclectic. Accordingly, because defendants' third-party claims are essentially premised on a comparative negligence theory, their indemnity claim cannot stand. See generally TAC (doc. 24); see also T-W Transport, Inc. v. TA Operating LLC, 2015 WL 5247080, *4 (D. Or. Sept. 3, 2015) (dismissing a common law indemnity claim under analogous circumstances). Dish's motion should be granted as to defendants' indemnity claim.

## IV. Tort of Another and Federal Declaratory Judge Claims

Defendants also allege they are entitled to declaratory relief regarding the respective rights and duties of the parties, and to "recover their past and ongoing attorney's fees and costs,

---

dismiss in Bick was denied simply because it failed to carry its burden as the moving party. See Bick, 2014 WL 5320264 at *2-3 (noting the third-party defendant did not "articulate why it believes [the] third-party complaint should be dismissed [or] make any arguments to show why [the third-party plaintiffs] would not be able to bring an indemnity claim").

as [their] damages and/or possible liability, if any, arises solely and proximally from the tortious conduct of third-party defendant." TAC ¶¶ 32-34, 39-42 (doc. 24).

A party is generally "not entitled to an award of attorney fees or litigation costs [in a civil action] unless a statute or contract allows for such recovery." State v. Ramos, 358 Or. 581, 600, 368 P.3d 446 (2016) (citations omitted). An exception exists when a "person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person." Id. (citation and internal quotations and emphasis omitted). Specifically, if a defendant's tort "causes the plaintiff to litigate with [a] third person, then the reasonable expenses of that litigation, including the plaintiff's own attorney fees, are recoverable." Id. (citation and internal quotations omitted).[4]

Declaratory relief, however, is not available under 28 U.S.C. § 2201 et seq. unless another cognizable substantive claim exists. Shroyer v. New Cingular Wireless Servs., 622 F.3d 1035, 1044 (9th Cir. 2010).

In sum, to state a claim under the Declaratory Judgment Act or Oregon common law in this context, the plaintiff must allege the existence of a pre-existing and cognizable tort by the defendant that caused the plaintiff to litigate against a third-party. As discussed herein, defendants have not adequately plead a substantive state law claim against Dish. They therefore

---

[4] Dish contends "'tort of another' [claims are] not recognized in Oregon." Dish's Mot. to Dismiss 3 (doc. 29). Even assuming case law was not to the contrary, the Court declines to resolve this issue at the pleadings stage absent any express authority to the contrary, which Dish has not identified. See Montara Owners Ass'n v. La Noue Dev., LLC, 357 Or. 333, 361-62, 353 P.3d 563 (2015) (a plaintiff may seek attorney's fees "incur[red] in the same action" or "from prior litigation" when the defendant's tortious or wrongful conduct "involved the plaintiff in litigation with a third party"); see also Dish's Mot. to Dismiss 3 (doc. 29); Dish's Reply to Mot. Dismiss 6 (doc. 33) (arguments regarding defendants' tort of another claim are terse and not supported by any citation).

cannot sustain a declaratory judgment or tort of another claim at this stage in the proceedings. Dish's motion should be granted in this regard.

## RECOMMENDATION

For the reasons stated herein, Dish's Motion to Dismiss ([doc. 29](doc. 29)) should be GRANTED and any motion to amend the third-party complaint should be filed within fourteen days of the District Judge's order. Dish's request for oral argument is DENIED as unnecessary.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 6th day of December 2017.

 s/Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge